GUANG CHUN LIN, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Gonzales, Respondents.

No. 06–4213–ag.

United States Court of Appeals, Second Circuit.

June 19, 2007.

Dehai Zhang, Flushing, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; David V. Bernal, Assistant Director, Office of Immigration Litigation; Anthony C. Payne, Senior Litigation Counsel; Lance L. Jolley, Law Clerk, Washington, D.C., for Respondents.

PRESENT: Hon. WILFRED FEINBERG, Hon. ROBERT D. SACK, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Guang Chun Lin, a native and citizen of the People's Republic of China, seeks review of an August 31, 2006 order of the BIA affirming the May 31, 2005 decision of Immigration Judge ("IJ") Adam Opaciuch denying Lin's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guang Chun Lin,* No. A96 395 201 (B.I.A. Aug. 31, 2006), *aff'g* No. A96 395 201 (Immig. Ct. N.Y. City May 31, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Here, substantial evidence supports the BIA's and IJ's adverse credibility determinations. Lin testified that after his twin sons were born in July 1997, village cadres and family planning officials took him to Langqi Hospital for involuntary sterilization. The BIA accurately observed, however, that Lin stated in both his airport and "credible fear" interviews that he had difficulties in China on account of his religion, omitting any assertion that he was involuntarily sterilized after having twin sons. Lin explained that a smuggler had directed him to present a false "Christianity claim" during his airport interview, and that he did not know that he could claim "family planning persecution." In addition, he stated that he had been "afraid" to mention his sterilization during his credible fear interview because his mother-in-law and the physician who performed the "fake" sterilization "would be involved in it." The IJ reasonably declined to credit these explanations in light of the fact that

Lin testified falsely about the "Christianity claim" in his "credible fear" interview, despite also raising his family planning claim. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005); *see also Siewe v. Gonzales,* 480 F.3d 160 (2d Cir.2007). Because the discrepancies between Lin's statements given to immigration officials upon his arrival in the United States and his testimony at the hearing involved the crux of his asylum claim, they substantiated the IJ's adverse credibility finding. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003).

Because the only evidence of a threat to Lin's life or freedom or a likelihood that he would be subjected to torture with regard to his family planning claim depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and relief under the CAT. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Therefore, the Court need not reach the BIA's separate determination that Lin failed to meet his burden of proof with regard to his request for CAT relief based on his "fake" sterilization.

Lastly, there is no merit to Lin's contention that the IJ deprived him of due process because the record reflects that he had ample opportunity to present his claims. *See Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 104–05 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).